[No. AO19859. First Dist., Div. One. Jan. 20, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER WILLIAM WELSCH, Defendant and Appellant.

**COUNSEL**

Sheldon Portman, Public Defender, for Defendant and Appellant.

John Van de Kamp, Attorney General, Thomas A. Brady and Charles J. James, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOLMDAHL, J.**—This is an appeal from (1) a conviction for possession of codeine and a sentence to a term of eight months in prison; (2) a denial

of appellant's motion to suppress evidence; and, (3) a denial of his motion to dismiss the information.

The judgment of conviction is reversed.

## STATEMENT OF FACTS

On August 25, 1981 at 11:30 a.m., Timothy Sperlis was driving his car northbound on Lincoln Avenue at the intersection of Minnesota Avenue in San Jose. Traffic in both directions on Lincoln had stopped to allow a woman to cross Lincoln. A Volkswagen southbound on Lincoln Avenue did not stop; it almost hit the pedestrian, hit the car in front of Sperlis, returned to its original lane, and there hit another car. The Volkswagen driver, without stopping to identify himself, then immediately drove into an "alley."

While the accident was taking place, Officer Rodrigs was nearby visiting his wife in a store on Minnesota Avenue. At about 11:30 a.m., he saw two persons run down a "driveway."[1] He followed them and found a damaged, abandoned Volkswagen there. Two to three minutes later, he overheard several people mention that there had been a hit-and-run traffic accident. He asked his wife to call the police, and drove off in pursuit of the two persons he had seen running down the driveway. He believed they were the ones responsible for the hit-and-run accident he had just heard about.

He located those two persons nearby, stopped his car, identified himself, and requested identification from both. He wanted to determine if they had been involved in the accident. Appellant, Peter William Welsch, provided his driver's license; his companion was evasive, but eventually produced a payroll stub.

Rodrigs then initiated a "records and wants" check on the two persons and asked them to get into the vehicle in order to return to the scene of the accident; they agreed. Rodrigs did not handcuff them, but he assumed they were under arrest at that time although he did not use those words.

They returned to Lincoln Avenue about 10 to 12 minutes later. Officer Alley arrived about six to seven minutes after that. Alley completed the investigation while the suspects waited in Rodrigs' car.

Rodrigs then turned the two over to Alley and they got into Alley's car. Alley interviewed Sperlis, who identified appellant as the driver of the dam-

---

[1] It appears that the "alley" described by witness Sperlis is the same as the "driveway" described by witness Rodrigs.

aged Volkswagen. While still at the scene, Alley asked appellant: " 'What happened here? Is this your car? Were you involved in an accident?' " Alley did not give the appellant his *Miranda* rights. Appellant answered that he had hit the cars; that he hadn't been running, but chasing his friend, who had jumped out; and, that he had been looking for a telephone.

After that statement, Alley was satisfied that appellant had caused the accident. He placed appellant under arrest, handcuffed him and put him back in the car. Alley then searched appellant, and found three white pills containing codeine in his pocket.

Alley took appellant to the preprocessing center. There, about 45 minutes after the arrest, Alley read him his *Miranda* rights and interrogated him.

## PROCEDURAL HISTORY

On January 4, 1982, an information charged appellant Peter William Welsch with possession of codeine in violation of Health and Safety Code section 11350 (count I); with failure to notify of damage to property pursuant to an accident (hit-and-run) in violation of Vehicle Code section 20002, subdivision (a)(1) and (2) (count II); and, with driving without a license in violation of Vehicle Code sections 14601.1, subdivision (a) and 14601, subdivision (a) (count III). Appellant pleaded not guilty as to each count and waived time for trial.

Subsequently, the trial court heard appellant's motions to dismiss (Pen. Code, § 995) and to suppress evidence (Pen. Code, § 1538.5). The court, thereafter, denied both motions.

On August 16, 1982, pursuant to a plea bargain, appellant submitted the cause on the first count on the transcript of the preliminary examination. The court dismissed the two other counts. The court then sentenced appellant to two years in prison for a separate burglary conviction and a consecutive term of eight months for the conviction of possession of codeine.

Appellant filed a timely notice of appeal from the judgment and from the court's denials of his motions to dismiss the information and to suppress the evidence.

## VALIDITY OF ARREST

On appeal from his conviction, appellant contends that the trial court improperly denied his motion to suppress the evidence (Pen. Code, § 1538.5) and to dismiss the information (Pen. Code, § 995) because

(1) his initial detention was unduly prolonged; (2) his *Miranda* rights were violated; (3) his arrest was invalid; and, (4) his search was an unlawful accelerated booking search. We discuss only the validity of the arrest, because that issue is dispositive.

Appellant was arrested without a warrant for a violation of Vehicle Code section 20002, a hit-and-run misdemeanor. Appellant claims that this arrest was invalid because the misdemeanor did not occur in the presence of the officer[2] as required by Penal Code section 836. Respondent contends that it did and that the arrest was lawful.

We agree with appellant.

Penal Code section 836 states: "A peace officer may make an arrest in obedience to a warrant, or may . . . without a warrant, arrest a person: [¶] 1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence."

■ The requirement of "presence," entitling an officer to make a valid misdemeanor arrest, is to be interpreted liberally. (*In re Alonzo C.* (1978) 87 Cal.App.3d 707 [151 Cal.Rptr. 192].) Physical proximity is not essential as long as the crime is "apparent to the officer's senses." (*Pate* v. *Municipal Court* (1970) 11 Cal.App.3d 721, 725 [89 Cal.Rptr. 893]; *People* v. *Bradley* (1957) 152 Cal.App.2d 527, 533 [314 P.2d 108].)

Whether the offense is committed in the officer's presence is to be determined by the events observable to the officer at the time of the arrest. "If the officer cannot testify, based on his or her senses, to acts which constitute every material element of the misdemeanor, it cannot be said that the officer has reasonable cause to believe that the misdemeanor was committed *in his presence*." (*In re Alonzo C., supra,* 87 Cal.App.3d 707, 713.)

■ It is clear from the record that the requirement of presence was not met here. Officer Rodrigs, the first officer on the scene, neither saw nor heard the accident. The accident was not "apparent to his senses." He testified at the preliminary examination that, at about 11:30 a.m., near the scene of the accident, he saw two persons running down a driveway. He got into his automobile in order to look for them, because "I felt that they were responsible for the hit and run that I heard about." Officer Rodrigs'

---

[2]Both Officer Rodrigs, who was the first officer at the scene, and Officer Alley, who actually made the arrest, are considered arresting officers. See *Freeman* v. *Dept. Motor Vehicles* (1969) 70 Cal.2d 235, 237 [74 Cal.Rptr. 259, 449 P.2d 195]. Since Officer Alley arrived after the accident, the issue is whether Officer Rodrigs witnessed the accident within the meaning of the statute.

testimony at the hearing on the motion to suppress substantiates the conclusion that he did not personally hear the crash:

"Q (By Mr. Elrick) Now, Sgt. Rodrigs, first thing that happened this day was that you saw these people in the driveway; isn't that correct?

"A Yes, sir.

"Q And it was after that that you just overheard some shopkeepers, merchants talking among themselves apparently that there had been an accident nearby?

"A Yes.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"Q This accident didn't take place in your presence?

"A No, sir.

"Q You didn't hear it?

"A No, sir.

"Q You witnessed no part of it with your vision?

"A No, sir.

"Q To your knowledge and awareness, hit and run violation of 2002 of the Vehicle Code is in fact a misdemeanor?

"A Yes, sir.

"Q You didn't see either or both of these gentlemen run directly from the Volkswagen? You didn't see them in or around the Volkswagen itself?

"A Not when it was first parked, sir.

"Q Well, at any time prior to your apprehension?

"A I saw two persons running down a driveway. I saw another person go back down the driveway and into the Volkswagen, remove something and then leave."

The fact that the officer heard about the accident from nearby shopkeepers does not satisfy the requirement of presence. Had the conversations he overheard been spontaneous declarations concerning the accident, they might be construed to be inseparable from the accident itself. In such a case one might find that the accident was "apparent to his senses." That, however, is not the situation before us.

An officer's ability to testify to actual knowledge of every element of an offense can also determine whether it was committed in his presence. (*In re Alonzo C., supra,* 87 Cal.App.3d 707.) Here, this test is not met. ■ The elements of a misdemeanor hit-and-run are (1) involvement in an accident; (2) damage to property of another; (3) departure from the scene of the accident; and, (4) failure to give required information to another driver or to the police. (See generally, *People* v. *Crouch* (1980) 108 Cal.App.3d Supp. 14, 21 [166 Cal.Rptr. 818].) Officer Rodrigs did not have personal knowledge that appellant had been involved in an accident, had departed from the scene, and had failed to provide necessary information. The officer could not testify to every element of the case.

The trial court stated in its memorandum of decision of June 10, 1982: "Officer Rodrigs heard the noise associated with the accident, saw the two persons running and saw the damaged Volkswagen. That strikes me as being enough. There is no requirement that *all* of the elements of the crime be immediately present to the officer but enough so that he could reasonably conclude that the crime had been committed."

The trial court was in error as to the facts, because Officer Rodrigs testified he, himself, did not hear or see the accident. The accident did not take place in his presence, within the meaning of Penal Code section 836. Therefore, neither he nor Officer Alley had the authority to make the arrest without a warrant.

In view of this conclusion, the trial court erred in denying appellant's motion to suppress the evidence (codeine) uncovered during the search. There was no other evidence on which to hold appellant on the charge of possession of codeine in violation of Health and Safety Code section 11350.

The judgment of conviction is reversed.

Racanelli, P. J., and Newsom, J., concurred.