Opinion
QUINN, P. J.
This is an appeal from an order of the trial court denying appellant’s motion to suppress evidence pursuant to Penal Code section 1538.5.
There was no dispute regarding the facts. San Diego Police Officer Agerbeek was on duty on March 3, 1990, at approximately 3 a.m. He *Supp. 12 observed a red Corvette stopped on the sidewalk. The headlights, taillights, and engine were on. The keys were in the ignition and the hood was hot. Appellant was seated behind the steering wheel of the vehicle. As the officer spoke with appellant, he observed an odor of an alcoholic beverage on appellant’s breath. He noted that her eyes were glassy and watery. When appellant exited the vehicle, the officer observed that she was unsteady on her feet. The passenger told the officer that appellant had been driving her home before they stopped. Appellant performed poorly on the field sobriety tests. Officer Agerbeek formed the opinion that appellant had been driving while under the influence of alcohol. He made a warrantless arrest and transported her to police headquarters where she chose to take a breath test.
Following the denial of the motion to suppress evidence, the case proceeded to trial. Appellant was convicted of violations of Vehicle Code section 23152, subdivisions (a) and (b). Sentencing has been stayed pending appeal.
The issue in this case concerns whether or not a misdemeanor arrest which fails to comply with Penal Code section 836, subdivision 1 violates the Fourth Amendment to the United States Constitution. We conclude that it does not.
The California Supreme Court has recently addressed the issue of the legality of an arrest for driving under the influence where the arresting officer has observed no driving (although, as in the case at bar, the officer observed an obviously intoxicated defendant slumped behind the wheel of a vehicle with the engine running). The court held that under Penal Code section 836, subdivision 1, a misdemeanor arrest without a warrant is permissible only if a public offense occurs in the officer’s presence. Because the officer who arrested the driver saw no movement of the driver’s vehicle, the driver was not lawfully arrested for a violation of Vehicle Code section 23152, subdivision (a) and could not be subjected to the license revocation provisions of Vehicle Code sections 13353 and 23157. (Mercer v. Department of Motor Vehicles (1991) 53 Cal.3d 753 [280 Cal.Rptr. 745, 809 P.2d 404].)
While under the Mercer rule, the arrest of appellant was illegal based on noncompliance with Penal Code section 836, subdivision 1, the case is distinguishable. In Mercer v. Department of Motor Vehicles, supra, 53 Cal.3d 753, the arrest was determined to be invalid for purposes of the administrative license suspension procedures contained in Vehicle Code section 23157. The application of Proposition 8 (Primary Elec. (June 8, 1982)) was not before the court as a Department of Motor Vehicles proceeding is not a *Supp. 13 “criminal proceeding.” In the case at bar, the application of Proposition 8 is crucial to our conclusion.
The People contend that noncompliance with Penal Code section 836, subdivision 1 does not require exclusion of the evidence in the case at bar because Proposition 8 eliminates exclusion of evidence as a remedy for statutory violations, except to the extent that exclusion remains federally compelled.
California Constitution, article I, section 28, subdivision (d) provides: “Except as provided by statute hereafter enacted by a two-thirds vote of the membership of each house in the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code Sections 352, 782 or 1103. . . .”
The California Supreme Court construed this language with respect to the exclusionary rule in In re Lance W. (1985) 37 Cal.3d 873, 896 [210 Cal.Rptr. 631, 694 P.2d 744], and concluded: Evidence will not be suppressed unless the seizure was in violation of the Fourth Amendment to the United States Constitution and the federal exclusionary rule applies.
There is no federal constitutional requirement that a misdemeanor be committed in an officer’s presence before a warrantless arrest may be made. In Street v. Surdyka (4th Cir. 1974) 492 F.2d 368, the court held that the Fourth Amendment does not prohibit warrantless arrests for misdemeanors committed outside the officer’s presence. In Street, a taxicab driver brought a civil rights action against a police officer on the grounds that his arrest was made in violation of the Fourth Amendment. Maryland law imposed the additional requirement that a warrantless misdemeanor offense must be committed in the officer’s presence. In holding that the trial court did not err in denying a directed verdict for plaintiff, the court stated, “We do not think the fourth amendment should now be interpreted to prohibit warrantless arrests for [offenses] committed outside the officer’s presence.” (Street, supra, 492 F.2d at p. 372.) The court, after a lengthy discussion, concluded that the only federal constitutional requirement for a valid arrest is that it be based on probable cause, regardless of whether it is a misdemeanor or felony. (Id., at pp. 371-372.)
The Ninth Circuit Court of Appeals has reached the same conclusion. In Barry v. Fowler (9th Cir. 1990) 902 F.2d 770, the court, when faced with a *Supp. 14 civil rights challenge based on an officer’s arrest which was in violation of California Penal Code, subdivision 1, section 836 held that the requirement that a misdemeanor must have occurred in the officer’s presence was not grounded in the Fourth Amendment. The court relied on Street v. Surdyka, supra, 492 F.2d 368, in its decision.
The federal standard for a warrantless arrest depends upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the petitioner had committed or was committing an offense. (Beck v. Ohio (1964) 379 U.S. 89 [13 L.Ed.2d 142, 85 S.Ct. 223].)
In the case at bar, there is no question that there was probable cause for the officer to believe that appellant had driven a vehicle while under the influence of alcohol. Appellant was seated in the driver’s seat behind the steering wheel, the hood was hot, the engine and lights were on, the keys were in the ignition, and appellant exhibited objective signs of intoxication.
Because Proposition 8 provides only for suppression of evidence obtained in violation of federal constitutional rights, and because a misdemeanor arrest made where the offense was not committed in the presence of the arresting officer is not a violation of constitutional magnitude, it can be concluded that appellant’s Fourth Amendment rights were not violated as her arrest was supported by probable cause. For this reason, the order of the lower court, denying the motion to suppress evidence pursuant to Penal Code section 1538.5, is affirmed.
Howatt, J., and Lasater, J., concurred.