[No. B090891. Second Dist., Div. Two. July 3, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
CATHERINE DONALDSON, Defendant and Appellant.

**COUNSEL**

Overland & Gits and Mark E. Overland for Defendant and Appellant.

James K. Hahn, City Attorney, Debbie Lew and Peter W. Mason, Deputy City Attorneys, for Plaintiff and Respondent.

## Opinion

**FUKUTO, J.**—In this prosecution for driving while under the influence of alcohol, the parties agree that the arrest was violative of Penal Code section 836, subdivision (a)(1) which requires that a warrantless arrest for a misdemeanor be committed in the presence of the arresting officer. The parties also agree that the judicially created exclusionary rule mandating that evidence obtained incident to such an arrest be excluded was abrogated by the adoption of article I, section 28, subdivision (d), of the California Constitution (section 28(d)), an initiative measure enacted in 1982 as part of Proposition 8. The question presented in this appeal is whether the Legislature intended to revive the judicially created exclusionary rule as a remedy for an illegal arrest when it amended Penal Code section 836 in 1992 and 1993 by a two-thirds vote. We hold, as did the superior court, that it did not.

### Factual and Procedural History

While riding as a passenger in a car, Jason Namkung noted a red Pontiac Fiero swerving and weaving in and out of its lane. They followed the Pontiac for 15 to 20 minutes hoping to flag down a police officer. Eventually, the driver pulled over next to a restaurant and parked the car so that the rear end was against the curb and the front end was about 18 inches away from the curb. Namkung observed the driver "shut off the car," turn on the headlights, exit the car and enter the restaurant. Namkung then telephoned the police department and told them he had witnessed someone who appeared to be driving under the influence. About fifteen minutes after the call, two officers arrived, and one contacted Namkung. He described the driver as a woman with glasses, wearing a black jacket.

The officers entered the restaurant and asked who owned the red Fiero. Catherine Donaldson, seated at the bar, stated, "It's mine." The officers asked her to step outside so they could conduct an investigation. They noticed Donaldson's speech to be slurred, and that as she got off the bar stool she had to hang onto the bar. When she was asked for her driver's license she reached into her purse and dropped it and all her belongings on the floor. As she walked out of the restaurant she staggered from left to right.

Once outside the restaurant, Donaldson displayed additional signs of intoxication. The officers smelled an alcoholic beverage emitting from her breath, and had to repeat their questions because she was not concentrating on what she was being asked. She repeatedly refused to give her name, and was then placed under arrest.

At trial, the People stipulated that the offense occurred outside the presence of the officers. Donaldson then moved to suppress all evidence obtained as a result of her arrest on the ground she had been arrested in

violation of Penal Code section 836, subdivision (a)(1) which provides that a warrantless arrest for a misdemeanor offense is authorized only when the officer "has reasonable cause to believe that the person to be arrested has committed a public offense in his presence."

The People, relying on *People* v. *Trapane* (1991) 1 Cal.App.4th Supp. 10 [3 Cal.Rptr.2d 423],[1] opposed the motion to suppress, arguing that Penal Code section 836 had been abrogated by the adoption of section 28(d). The motion to suppress was denied, and Donaldson was convicted of driving while under the influence of alcohol. (Veh. Code, § 23152, subd. (a).)

Donaldson appealed to the superior court. On appeal, the parties agreed that the exclusionary rule created by the judiciary as a remedy for violation of Penal Code section 836, subdivision (a)(1) had been abrogated by the adoption of section 28(d). After affirming the conviction, the superior court certified its opinion and judgment to this court in accordance with California Rules of Court, rule 63,[2] indicating "a transfer is necessary to settle an important question of law, specifically, whether [section 28(d)] precludes revival of the judicially created exclusionary rule as a remedy for an illegal arrest after the reenactment of Penal Code section 836 by a two-thirds vote of the membership in each house of the Legislature."

## DISCUSSION

Section 28(d), entitled "Right to Truth-in-Evidence," provides that "Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press."

Penal Code section 836, enacted in 1872, has consistently set forth the rule that a warrantless arrest for a nonfelony offense is unlawful unless the peace officer has reasonable cause to believe that the person to be arrested has committed a public offense in the officer's presence.

---

[1]*People* v. *Trapane, supra,* holds that section 28(d) abrogated the judicially created exclusionary rule mandating that evidence obtained incident to an arrest made in violation of Penal Code section 836, subdivision (a)(1) be excluded.

[2]Rule 63 states: "The superior court on application of a party or on its own motion may certify that the transfer of a case to the Court of Appeal appears necessary to secure uniformity of decision or to settle important questions of law."

In 1992, subsequent to the adoption of section 28(d), the Legislature amended Penal Code section 836 to add subdivision (b), which requires a peace officer to inform a misdemeanor victim of a "domestic call" of the right to make a citizen's arrest. (Pen. Code, § 836, subd. (b).) In 1993, the Legislature again amended section 836, this time to provide that if an officer responding to a call alleging a violation of a protective order by a person against whom a protective order has been issued, and the officer has reasonable cause to believe that the person has notice of the order, then the officer may arrest the person without a warrant whether or not the violation occurred in the presence of the officer. (Pen. Code, § 836, subd. (c).)

The introductory proviso to section 28(d) provides, "Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding . . . ." Section 9 of article IV of the California Constitution provides, in pertinent part, that "[a] section of a statute may not be amended unless the section is re-enacted as amended." By amending section 836, the Legislature thus reenacted, in its entirety, section 836 as amended. The 1992 and 1993 measures were passed by the votes of more than two-thirds of the members of both houses of the Legislature. Accordingly, by virtue of the 1992 and 1993 legislation, the Legislature reenacted section 836 by more than a two-thirds vote.

Donaldson contends that the only conclusion which can be drawn in light of these legislative acts is that the Legislature "recognized and reenacted the limitation on powers of peace officers to arrest for misdemeanors and the exclusionary rule based on Penal Code section 836, subdivision (a)(1) by the 1992 passage of Penal Code section 836, subdivision (b), and by the 1993 creation of an exception to that limitation and exclusionary rule in the enactment of Penal Code section 836, subdivision (c)."

*In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744] gives us guidance. In that case, our Supreme Court rejected an argument that the Legislature, by amending Penal Code section 1538.5 by a unanimous vote subsequent to the adoption of section 28(d), reestablished violation of the California Constitution as a basis for the exclusion of evidence. In so doing, the court noted that Penal Code section 1538.5 establishes the procedure governing motions to suppress evidence obtained as a result of a search or seizure, and that it does not establish any grounds for the exclusion of evidence. The question, therefore, was "not whether the amendment to section 1538.5 constituted a reenactment of that statute, but whether the effect of such reenactment was to require that section 1538.5 be applied as it had been prior to the adoption of section 28(d)." (*People* v. *Ewoldt* (1994) 7

Cal.4th 380, 391-392 [27 Cal.Rptr.2d 646, 867 P.2d 757].) Our Supreme Court concluded that the Legislature did not intend to reinstate independent state grounds for excluding unlawfully seized evidence. (*In re Lance W.*, *supra*, 37 Cal.3d at p. 896, fn. 18.) In reaching its conclusion the court stated, "We agree that Proposition 8 did not repeal either section 13 or section 24 of article I. The substantive scope of both provisions remains unaffected by Proposition 8. What would have been an unlawful search or seizure in this state before the passage of that initiative would be unlawful today, and this is so even if it would pass muster under the federal Constitution. What Proposition 8 does is to eliminate a judicially created *remedy* for violations of the search and seizure provisions of the federal or state Constitutions, through the exclusion of evidence so obtained, except to the extent that exclusion remains federally compelled. [¶] . . . [T]his court has long considered the exclusionary rule to be the only effective means of deterring police misconduct in violation of the search and seizure provisions of the federal or state Constitutions. [Citation.] We have described the rule as being 'required in order to give substance to the rights conferred'. . . . [Citation.] The fact remains, however, that both rules are of judicial creation, and relate to remedy rather than the scope of substantive rights protected by either Constitution. The people have apparently decided that the exclusion of evidence is not an acceptable means of implementing those rights, except as required by the Constitution of the United States. Whether they are wise in that decision is not for our determination; it is enough that they have made their intent clear." (*Id.* at pp. 886-887.)

Penal Code section 836, subdivision (a)(1) sets forth the requirements for a warrantless arrest for a misdemeanor offense. It does not establish any grounds for the exclusion of evidence. The question, therefore, is not whether the 1992 and 1993 amendments constituted a reenactment of Penal Code section 836, subdivision (a)(1), but whether the section is to be applied as it had been prior to the adoption of section 28(d). Proposition 8 did not repeal Penal Code section 836, subdivision (a)(1). A police officer still is required (in order to make a valid warrantless arrest for a misdemeanor offense) to have reasonable cause to believe the offense occurred in the officer's presence. What Proposition 8 eliminated was the judicially created remedy for the violation of section 836, subdivision (a)(1). This means that evidence obtained incident to an arrest made in violation of Penal Code section 836, subdivision (a)(1) may not be excluded so long as exclusion is not federally compelled.

*People* v. *Ewoldt*, *supra*, 7 Cal.4th 380, upon which Donaldson relies, is distinguishable. There, the court examined Evidence Code section 1101, a statute setting forth a substantive rule making inadmissible evidence of

character to prove conduct on a specified occasion. In 1986, the Legislature amended the statute to add examples of matters that could be proved by evidence of other acts. Our Supreme court concluded that even if the adoption of section 28(d) abrogated Evidence Code section 1101, the Legislature, in amending the section by more than a two-thirds vote, excepted the rule from the ambit of Proposition 8. (7 Cal.4th at p. 390.) In other words, the 1986 amendments had the effect of reviving a statute setting forth a rule for the exclusion of evidence.

The 1992 and 1993 amendments reenacting Penal Code section 836 had the effect of restating the rule that a warrantless arrest for a misdemeanor is valid only where the arresting officer has reasonable cause to believe the offense occurred, and the offense was committed in the presence of the officer. Neither section 836 nor the 1992 and 1993 amendments provided for the exclusion of evidence. Thus, although the amendments had the effect of reviving section 836, they did not act to revive the judicially created rule mandating the exclusion of evidence obtained incident to an arrest made in violation of section 836, subdivision (a)(1).

Donaldson points to *Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753 [280 Cal.Rptr. 745, 809 P.2d 404], and *Music v. Department of Motor Vehicles* (1990) 221 Cal.App.3d 841 [270 Cal.Rptr. 692], as evidence that Penal Code section 836 has survived the adoption of section 28(d). However, neither of these cases involved the admission of evidence in a criminal proceeding. The arrests in those cases were determined to be invalid for purposes of the administrative license suspension procedures contained in Vehicle Code section 23157. (*Mercer v. Department of Motor Vehicles, supra*, at p. 761; *Music v. Department of Motor Vehicles, supra*, at p. 844.)

Donaldson also notes that Penal Code section 836, subdivision (a)(1) has been recognized and applied by the courts of this state since the adoption of Proposition 8. (See *People v. Lively* (1992) 10 Cal.App.4th 1364, 1368 [13 Cal.Rptr.2d 368]; *People v. Welsch* (1984) 151 Cal.App.3d. 1038 [199 Cal.Rptr. 87].) However, neither of the opinions that applied Penal Code section 836 after the adoption of section 28(d) examined the issue of whether the judicially created exclusionary rule mandating the exclusion of evidence obtained incident to an arrest made in violation of section 836, subdivision (a)(1) has been abrogated by section 28(d). ■ Of course, "Language used in any opinion is . . . to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

We conclude that the amendments to Penal Code section 836 adopted by the Legislature in 1992 and 1993 had neither the intent nor the effect of reviving exclusionary rules abrogated by Proposition 8. Therefore, although section 836 continues to provide rules with respect to the lawfulness of a misdemeanor arrest, a court may admit evidence obtained incident to an arrest made in violation of section 836 unless the exclusion is mandated by the federal exclusionary rule applicable to evidence seized in violation of the Fourth Amendment.

We hold that the municipal court's ruling regarding suppression of the evidence incident to Donaldson's arrest was correct.

## Disposition

Accordingly, the judgment based upon the trial court's denial of Donaldson's suppression motion is affirmed.

Boren, P. J., and Nott, J., concurred.

A petition for a rehearing was denied July 24, 1995, and appellant's petition for review by the Supreme Court was denied October 26, 1995. Mosk, J., was of the opinion that the petition should be granted.