111 Cal.Rptr.2d 896 (2001)
92 Cal.App.4th 561
The PEOPLE, Plaintiff and Respondent,
v.
Trynun PATTERSON, Defendant and Appellant.
No. B143582.
Court of Appeal, Second District, Division Five.
September 25, 2001.
Review Granted December 19, 2001.
Review Dismissed May 1, 2002.
*897 Athena Shudde, under appointment by the Court of Appeal, San Diego, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Susan D. Martynec and Rori M. Ridley, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
WILLHITE, J.[**]
Appellant Trynun Patterson appeals the judgment following his convictions for robbery and first degree murder. After review, we modify the sentence, and as modified, we affirm. In the published portion of our opinion, we apply the recent decision *898 in Atwater v. City of Lago Vista (2001) 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549, and hold that a custodial arrest for a fine-only misdemeanor offense, even if it violates California law, does not require the suppression of evidence obtained as a product of the arrest.

PROCEDURAL AND FACTUAL BACKGROUND
In accord with the usual rules of appellate review, we state the facts in the light most favorable to the judgment. (People v. Ochoa (1993) 6 Cal.4th 1199, 1206, 26 Cal.Rptr.2d 23, 864 P.2d 103.) On May 3, 1999, appellant Trynun Patterson and three others robbed a jewelry and music store in Long Beach. During the robbery, one of appellant's accomplices shot and killed the store's owner, Gary Kim. Two days later, police arrested appellant for possession of less than one ounce of marijuana. Although not yet suspected of the robberies and murder, he was interviewed by homicide detectives to see if he knew anything about the crimes. After talking with the detectives for almost six hours, he fully confessed.
Appellant was charged by information with the robbery and murder of Gary Kim (Pen.Code, §§ 187, subd. (a), 211) (counts 1 & 2), and the special circumstance of robbery-murder (Pen.Code, § 190.2, subd. (a)(17)). He was also charged with robbing a store employee, Jenny Kim (Pen. Code, § 211) (count 3), and with conspiracy to commit robbery (Pen.Code, §§ 182, subd. (a)(1), 211) (count 6). A jury convicted him of the robbery and first degree felony-murder of Gary Kim, second degree robbery of Jenny Kim, and conspiracy to commit robbery. The court sentenced him to life without possibility of parole plus four years for the murder of Gary Kim. It also imposed two concurrent terms of seven years for the robberies of Gary Kim and Jenny Kim. Finally, it imposed a concurrent three-year term for conspiracy to commit robbery. This appeal followed.[1]

DISCUSSION

1. Motion to Suppress Physical Evidence and Confession

Based on evidence from the crime scene, Long Beach police quickly determined that a man named Kenny Buckner was one of the robbers. Having identified Buckner, police planned to arrest him, but wanted the arrest to be inconspicuous so as not to alert his co-perpetrators. Accordingly, they placed him under surveillance.
Two days after the murder, detectives saw Buckner leaving a residence with appellant, who police had not yet identified as a suspect. Buckner and appellant entered a car, and appellant drove them away. After a few blocks, appellant stopped the car, and Buckner got out to talk to a pedestrian. Appellant sat in the car and rolled what appeared to be a marijuana cigarette. He smoked it while waiting for Buckner. When Buckner returned to the car, appellant drove on. The surveillance team then instructed uniformed officers to make a traffic stop of the vehicle.
Noticing appellant's car was missing a rear view mirror, the patrol officers pulled the vehicle over.[2] As the officers *899 approached appellant's car, one smelled marijuana. He asked permission to search the car, to which appellant said "sure." The officer seized a partial marijuana cigarette in the ashtray and a small baggie containing less than an ounce of marijuana. The officers arrested appellant for possession of the marijuana and took him to the police station. There, he was interviewed by homicide detectives, and he eventually provided a detailed confession. In a later inventory search of the car, police found a gun in the trunk. They later determined it was not the one used in the murder.

A. Physical Evidence[***]

B. Confession

Appellant moved to suppress his confession on the ground that it was the product of an illegal arrest. He maintained that the offense of possessing less than 28.5 grams of marijuana did not permit a custodial arrest, and that therefore the subsequent confession must be suppressed. The trial court denied the motion. We find the ruling correct.
Under California law, mere possession or transportation of less than 28.5 grams of marijuana other than concentrated cannabis is a misdemeanor offense punishable by a fine of not more than one hundred dollars. (Health & Saf.Code, §§ 11357, subd. (b) [possession], 11360, subd. (b) [transportation].) Moreover, as to each such offense, the applicable statute provides in identical terms: "In any case in which a person is arrested for a violation of this subdivision and does not demand to be taken before a magistrate, such person shall be released by the arresting officer upon presentation of satisfactory evidence of identity and giving his written promise to appear in court, as provided in Section 853.6 of the Penal Code, and shall not be subjected to booking." (Health & Saf. Code, §§ 11357, subd. (b), 11360, subd. (b), italics added; see People v. Coleman (1991) 229 Cal.App.3d 321, 326-327, 280 Cal.Rptr. 54.) In this case, appellant testified at the suppression hearing that he possessed five grams of marijuana. The People offered no contrary evidence.
For purposes of our discussion, therefore, we will simply assume that the police violated California law by making a full custodial arrest of appellant, and that no other ground for the arrest existed. Nonetheless, the assumption that the arrest violated California law is irrelevant in determining whether appellant's subsequent confession was admissible. That question turns not on the California statutes, but on the scope of Fourth Amendment protections. (In re Lance W. (1985) 37 Cal.3d 873, 886-887, 210 Cal.Rptr. 631, 694 P.2d 744 [seized evidence not inadmissible except to the extent required by federal Constitution]; People v. Donaldson (1995) 36 Cal.App.4th 532, 539, 42 Cal.Rptr.2d 314 [warrantless misdemeanor arrest in violation of Penal Code section 836, subdivision (a)(1) did not require suppression of evidence]; People v. Trapane (1991) 3 Cal. Rptr.2d 423, 1 Cal.App.4th Supp. 10, 12-14 [same].)
In Atwater v. City of Logo Vista, supra, 532 U.S. 318, 121 S.Ct. 1536 (Atwater), the United States Supreme Court profoundly limited Fourth Amendment restrictions on the seizure of persons suspected of having committed offenses punishable by only a fine. In that decision, a police officer arrested the plaintiff for violating a Texas statute that required a front seat vehicle passenger both to wear a seatbelt and *900 secure small children riding in the front seat. Texas law classifies these violations as misdemeanors, punishable by only a fine. It also authorizes police officers to arrest persons who violate the statute. The plaintiff in Atwater filed a civil rights action, alleging that her arrest for a fine-only offense violated her Fourth Amendment right to be free from unreasonable seizure. The Supreme Court rejected the claim. "[W]e confirm today what our prior cases have intimated: the standard of probable cause `applie[s] to all arrests, without the need to "balance" the interests and circumstances involved in particular situations.' [Citation.] If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." (Atwater, supra, 532 U.S. at p.___, 121 S.Ct. at p. 1557.)
The Court held that the plaintiffs arrest complied with Fourth Amendment standards. As the Court explained in part, the officer had probable cause to believe that the plaintiff had violated the statute in his presence. The officer "was accordingly authorized (not required, but authorized) to make a custodial arrest without balancing costs and benefits or determining whether or not [plaintiffs] arrest was in some sense necessary." (Atwater, supra, 532 U.S. at p.___, 121 S.Ct. at p. 1557.)
After Atwater, the court decided Arkansas v. Sullivan, supra, 532 U.S. 769, 121 S.Ct. 1876 (Sullivan). In Sullivan, the trial court ruled that a police officer had improperly used the pretext of traffic offenses to stop and search the defendant's vehicle. The Alabama Supreme Court affirmed the trial court's suppression of evidence seized from the vehicle. The Alabama court reasoned that despite the decision in Whren v. United States, supra, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (Whren), the police officer's improper subjective motivation was a legitimate basis to find a Fourth Amendment violation. The United States Supreme Court reversed, reaffirming the holding of Whren that a police officer's subjective motivation is generally irrelevant to a Fourth Amendment analysis. Of importance to the instant case is the Court's brief mention of Atwater. The Court cited Atwater with the comment, "[W]e note that the Arkansas Supreme Court never questioned [the police officer's] authority to arrest Sullivan for a fine-only traffic violation (speeding), and rightly so." (Sullivan, supra, 532 U.S. at p.___, 121 S.Ct. at p. 1878.) Indeed, as the concurrence in Sullivan observed, Atwater "recognized no constitutional limitation on arrest for a fine-only misdemeanor offense. . . ." (Id. at p. ___(cone. opn. of Ginsburg, J.) 121 S.Ct. at p. 1879.)
Thus, the holding of Atwater is simple enoughthe arrest of a person for a minor offense punishable by only a fine does not violate the Fourth Amendment. The implications of this holding, however, are far more complex. These implications, drawn from companion Fourth Amendment principles, are summarized in the Atwater dissent of Justice O'Connor: "Under today's holding, when a police officer has probable cause to believe that a fineonly misdemeanor offense has occurred, that officer may stop the suspect, issue a citation, and let the person continue on her way. [Citation.] Or, if a traffic violation, the officer may stop the car, arrest the driver [citation], search the driver, see United States v. Robinson [ (1973) 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427], search the entire compartment of the car including any purse or package inside, see New York v. Belton [(1981) 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768], and impound the car and inventory all of *901 its contents, see Colorado v. Bertine [(1987) 479 U.S. 367, 374, 107 S.Ct. 738, 93 L.Ed.2d 739]; Florida v. Wells [(1990) 495 U.S. 1, 4-5, 110 S.Ct. 1632, 109 L.Ed.2d 1]. Although the Fourth Amendment expressly requires that the latter course be a reasonable and proportional response to the circumstances of the offense, the majority gives officers unfettered discretion to choose that course without articulating a single reason why such action is appropriate." (Atwater, supra, 532 U.S. at p. ___ (dis. opn. of O'Connor, J.) 121 S.Ct. at p. 1567.) Further, "[t]he arrestee may be detained for up to 48 hours without having a magistrate determine whether there in fact was probable cause for the arrest." (Id. at p. ___, 121 S.Ct. at p. 1563.)
In the instant case, at the very least the police had probable cause to believe that appellant committed the fine-only misdemeanor offenses of possession and transportation of less than 28.5 grams of marijuana. Thus, under Atwater the Fourth Amendment did not prohibit making a custodial arrest and transporting appellant to the police station. Even if the arrest violated the relevant California statutory provisions, his subsequent confession could not be suppressed on that ground. Rather, since the arrest met Fourth Amendment standards, California law created no basis for suppression. (In re Lance W., supra, 37 Cal.3d at pp. 886-887, 210 Cal.Rptr. 631, 694 P.2d 744; People v. Donaldson, supra, 36 Cal.App.4th at p. 539, 42 Cal.Rptr.2d 314; People v. Trapane, supra, 3 Cal.Rptr.2d 423, 1 Cal. App.4th Supp. at p. 14.)
2.-4.[]

DISPOSITION
The clerk of the superior court is directed to amend the abstract of judgment to reflect that the sentences for count 2 (robbery of Gary Kim) and count 6 (conspiracy to commit robbery) are stayed under Penal Code section 654 and to forward a corrected abstract of judgment to the Department of Corrections. In all other respects, the judgment is affirmed.
We concur: GRIGNON, Acting P.J., and ARMSTRONG, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Discussion, subsection A of section 1, and sections 2 through 4.
[**] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[1] Appellant's accomplices were tried separately and are not parties to this appeal.
[2] Because the missing mirror permitted a traffic stop (People v. Webster (1991) 54 Cal.3d 411, 430, 285 Cal.Rptr. 31, 814 P.2d 1273), it is irrelevant whether that infraction was the officers' true subjective motivation for the stop or merely, as appellant asserts, a pretext. (Arkansas v. Sullivan (2001) 532 U.S. 769, 121 S.Ct. 1876, 149 L.Ed.2d 994; Whren v. United States (1996) 517 U.S. 806, 812-813, 116 S.Ct. 1769, 135 L.Ed.2d 89; People v. Miranda (1993) 17 Cal.App.4th 917, 924, 21 Cal.Rptr.2d 785.)
[***] See footnote *, ante.
[] See footnote*, ante.