Filed 6/6/13 (pub. order by Supreme Ct. 8/28/13)

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF VENTURA

# APPELLATE DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff and Respondent,<br><br>vs.<br><br>DAVID BURTON,<br><br>          Defendant and Appellant. | )<br>)<br>)<br>) (Ventura County Superior Court Case<br>) Number 2010028438)<br>)<br>)<br>)<br>)<br>) |

BY THE COURT:*

    APPEAL from a judgment from the trial court in the Superior Court of Ventura County, Kent M. Kellegrew, Judge.  Affirmed.

## STATEMENT OF CASE

Appellant contests his convictions for  violating Vehicle Code Sections 23152(a), 23152(b),  and special allegations of Vehicle Code Sections 23578, 23575(a)(1), 23577(a)(1). Appellant was arrested on August 10, 2010.  Criminal charges were filed against Appellant on December 22, 2010.  A pretrial motion to suppress evidence, Penal Code Section 1538.5, was heard and denied by the Honorable Judge Ryan Wright on February 2, 2012.  Jury trial commenced on February 7, 2012 and the jury returned verdicts of guilty and true findings on the special allegations on February 10, 2012.  This appeal ensued.

---

    * Nancy L. Ayers and Matthew P. Guasco, Judges.

1

## GROUNDS ON APPEAL

Appellant contests the denial of his motion to suppress. Appellant asks this court to rule that the Fourth Amendment of the United States Constitution mandates that a warrantless misdemeanor arrest is only reasonable when the misdemeanor is committed, 'in the officer's presence.' For the reasons stated below, we decline to do so.

## FACTUAL SUMMARY

There are no real factual disputes between Appellant and Respondent. The issue on appeal is limited to whether Vehicle Code Section 40300.5 violates the provisions of the Fourth Amendment because it allows for the arrest, under certain circumstances, of a misdemeanant suspected of driving under the influence when the offense was not committed in the officer's presence. A summary of the testimony offered at the suppression hearing reveals that a civilian witness observed Appellant acting erratically, and concluded that Appellant appeared intoxicated or drunk. The same witness saw appellant, get in a red truck and drive on to the freeway. The witness called police and provided them with Appellant's license plate number and a description of what he had observed. Twenty minutes later Officer Haumann located the red truck that matched the description provided by the witness. Appellant was standing near the truck. Officer Haumann noticed signs of intoxication and smelled the odor of alcohol coming from Appellant. Appellant was unsteady on his feet and swayed as he walked. Appellant was ultimately arrested for violating Vehicle Code Section 23152(a) after Officer Haumann confirmed that Appellant had been driving the truck recently.

## DISCUSSION

### STANDARD OF REVIEW

The factual findings of the trial court are to be upheld if they are supported by 'substantial evidence.' *People v. Lebya* (1981) 29 Cal. 3d 591, 596-597. *People v Madrid* (2008) 168 Cal.App. 4th 1050. A reviewing court takes a de novo approach to analyzing whether the trial

2

court selected the appropriate standard of law and applied the facts to the law correctly. *People v. Williams* (1988) 45 Cal. 3d 1268, 1301.

## CALIFORNIA LAW

Vehicle Code Section 40300.5 allows officers to make a warrantless arrest of a suspected misdemeanant when the officer had reasonable cause to believe that a person has been driving under the influence of an alcoholic beverage when one of the following conditions has been met:

(c)   The person will not be apprehended unless immediately arrested;

(d)   The person may cause injury to himself or herself or damage property unless immediately arrested;

(e)   The person may destroy or conceal evidence of the crime unless immediately arrested.

Vehicle Code Section 40300.5 expands the provisions of Penal Code Section 836(a)(1) which limits misdemeanor warrantless arrests to '*public offense(s')* which the officer has probable cause to believe were '*committed in the officer's presence,'* ( with certain exceptions to the presence requirement, such as restraining order violations, domestic violence arrests, and certain airport arrests.) The trial court relied upon the exceptions stated above in holding that Appellant's arrest was lawful. California courts have upheld the provisions of warrantless arrests for misdemeanors not committed in the officer's presence as long as the arrest was supported by adequate probable cause. *People v. Trapane* (1991) 1 Cal. App 4th, Supp. 10, and *People v. Donaldson* (1995) 36 Cal. App. 4th 532. "There is no federal constitutional requirement that a misdemeanor be committed in an officer's presence to justify a warrantless arrest." *People v. Trapane, supra* at. P. 13.

## THE FOURTH AMENDMENT

Although Appellant cites *Atwater v. City of Lago Vista* (2001) 532 U.S. 318 as authority for favoring Appellant's position, we find to the contrary. In a lengthy discussion of the historical application of the Fourth Amendment to the States, and to particular types of arrests, the Court states:

The record thus supports Justice Powell's observation that "there is no historical evidence that the Framers or proponents of the Fourth Amendment, outspokenly opposed to the infamous general warrants and writs of assistance, were at [*340] all concerned about warrantless arrests by local constables and other peace officers." *Id.*, at 429 (concurring opinion). We simply cannot conclude that the Fourth Amendment, as originally understood, forbade peace officers to arrest without a warrant for misdemeanors not amounting to or involving breach of the peace. (*Atwater v. City of Lago Vista*, *supra*, pp. 339-340.)

The Supreme Court declined to create a rule forbidding warrantless misdemeanor arrests except in cases of breach of the peace, recognizing that legal commentary has repeatedly, and routinely, recognized the constitutionality of warrantless arrests for misdemeanor offenses.

Small wonder, then, that today statutes in all 50 States and the District of Columbia permit warrantless misdemeanor arrests by at least some (if not all) peace officers without requiring any breach of the peace, as do a host of congressional enactments. The American Law Institute has long endorsed the validity of such legislation, see American Law Institute, Code of Criminal Procedure § 21(a), p. 28 (1930); American Law Institute, Model Code of Pre-Arraignment Procedure § 120.1(1)(c), p. 13 (1975), and the consensus, as stated in the current literature, is that statutes "removing the breach of the peace limitation and thereby permitting arrest without warrant for *any* misdemeanor committed in the arresting officer's presence" have "'never been successfully challenged and stand as the law of the land.'" 3 W. LaFave, Search and Seizure § 5.1(b), pp. 13-14, and n. 76 (1996) (quoting *Higbee* v. *San Diego*, 911 F.2d 377, 379 (CA9 1990)) (emphasis in original; footnote omitted). This, therefore, simply is not a case in which the claimant can point to "a clear answer [that] existed in 1791 and has been generally [**1553] adhered to by the traditions of our society ever since." (*County of Riverside* v. *McLaughlin*, 500 U.S. 44, 60, 114 L. Ed. 2d 49, 111 S. Ct. 1661 (1991) (SCALIA, J.); *Atwater V. City of Lago Vista, supra* at p. 345.)

Appellant acknowledges that the concluding language in *Atwater v. City of Lago Vista*, *supra,* (cited as authority for his position that the Fourth Amendment proscribes warrantless arrests for misdemeanors not committed in the officer's presence,) "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender," is dicta.

4

Counsel for Appellant referred to the language at oral argument as "persuasive dicta." Given the fact that the seatbelt violation, in the Atwater case, which we note is the equivalent of a California infraction, was, in fact, committed in the officer's presence, we feel compelled to give the language requiring 'in the presence,' little weight in light of the lengthy discussions concerning the authority to make warrantless arrests on misdemeanor offenses in the preceding discussions set forth in *Atwater, supra.*

Appellant also cites V*irginia v. Moore* (2008) 553 U.S. 164 as authority for his position that Vehicle Code Section 40300.5 is unconstitutional. Reliance on *Virginia v. Moore,* which cites *Atwater, supra*, extensively, is also misplaced. After a lengthy historical discussion of the application of the Fourth Amendment, the Court concluded that the States are free to enact more restrictive statutes than those required by the Fourth Amendment. The law subject of appeal in the *Moore* case was a Virginia statute which forbade custodial arrest for driving on a suspended license. (Moore was arrested after being seen driving and it was discovered his license was suspended. A custodial search revealed contraband.)

> We are convinced that the approach of our prior cases is correct, because an arrest based on probable cause serves interests that have long been seen as sufficient to justify the seizure. *Wren, supra,* at 817, 116 S. Ct. 1769, 135 L. Ed. 2d 89; *Atwater, supra,* at 354, 121 S. Ct. 1536, 149 L. Ed. 2d 549. Arrest ensures that a suspect appears to answer charges and does not continue a crime, and it safeguards evidence and enables officers to conduct an in-custody investigation. See W. LaFave, Arrest: The Decision to Take a Suspect Into Custody 177-202 (1965). (*Virginia v. Moore, supra* at p. 174.)

Again, any language referring to 'in the presence' is mere dicta not supported by the logic of the Supreme Court decision.

> When the constitutional validity of an arrest is challenged, it is the function of the court to determine whether the facts available to the officers at the moment of arrest would 'warrant a man of reasonable caution in the belief that an offense had been committed.' (*Carroll v. United States* (1925) 267 U.S. 132, 162.)

The federal Standard has always been a objective analysis of what facts were known to the officer at the time of the arrest.

> The constitutional validity of the search in this case, then, must depend upon the constitutional validity of the petitioner's arrest. Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it -- whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. *Brinegar* v. *United States*, 338 U.S. 160, 175-176;  *Henry* v. *United States*, 361 U.S. 98, 102. "The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating . . . often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice." *Brinegar* v. *United States, supra*, at 176. (*Beck v. Ohio* (1964) 379, U.S. 89, 92.)

CONCLUSION

Careful reading of the language of both cases cited by Appellant in support of his argument that Vehicle Code Section 40300.5 is unconstitutional and in violation of the Fourth Amendment convince us of the error of this argument.  Rather, we find that the Fourth Amendment supports  arrests for misdemeanors when there is objective and reasonable probable cause to justify the arrest, regardless of the 'in the presence' requirement outlined in Penal Code Section 836(a)(1).  We note that if we were to accept Appellant's logic, the exceptions provided in Penal Code Section 836 to the 'in the presence' requirement, would likewise be deemed unconstitutional.   We decline to agree that the exceptions to Penal Code Section 836(a)(1) designated in Vehicle Code Section 40300.5 are unconstitutional.   Since we find no error, we also decline to opine whether suppression of evidence seized pursuant to an unlawful arrest would be an appropriate remedy for a hypothetical constitutional violation. The trial court properly selected the rule of law and there is no error in its application of the facts to the rule of law.

**ORDER**

The judgment is AFFIRMED.

Counsel:

      Gregory D. Totten, District Attorney and W. Taylor Waters, Deputy District Attorney, for Plaintiff and Respondent.

      Stephen P. Lipson, Public Defender  and Kenneth N. Hamilton, Deputy Public Defender, for Defendant and Appellant.